IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DONNA M. LEE                                                                  PLAINTIFF

      v.                                        CIVIL NO. 08-3060

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                DEFENDANT

### ORDER

      Plaintiff, Donna M. Lee, appealed the Commissioner's denial of benefits to this court.

(Doc. # 1).   On February 2, 2010, judgment was entered remanding Plaintiff's case to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. # 10).  Plaintiff now

moves for an award of $1271.35 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal

Access to Justice Act ("EAJA"), requesting compensation for 3.75 attorney hours at a rate of

$155.00 and 8.55 paralegal hours at a rate of $75.00. (Docs. # 11-12).  Defendant has filed a

response voicing no objections.  (Doc. # 13).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After

reviewing the file, we find Plaintiff is a prevailing party in this matter.  Under *Shalala v.

Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.

      An award of attorney's fees under the EAJA is appropriate even though at the conclusion

of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits

AO72A
(Rev. 8/82)

resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an

AO72A
(Rev. 8/82)

hour," such as a copy of the Consumer Price Index.  In this case, counsel has attached a summary

of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost

of living.  Accordingly, we find that counsel is entitled to an hourly rate of $155.00.

Counsel has also requested 8.55 hours of paralegal work at an hourly rate of $75.00.  To

this end, he has submitted affidavits verifying the market rate for paralegal work.  (Doc. # 12,

Ex. 2-8).  We find this rate to be reasonable.  Accordingly, counsel is entitled to an hourly rate

of $75.00 for paralegal work.  *See Richlin Security Service Company v. Chertoff,* 553 U.S. 571

(2008).

## Attorney Hours

We next address the number of hours Plaintiff's counsel claims he spent working on this

case.  Counsel requests compensation for 2.50 hours spent reviewing the transcript,  analyzing

and researching the law, and drafting and editing his appeal brief.  He also requests .50 hours for

reviewing Defendant's appeal brief, .25 hours for reviewing the memorandum opinion and

judgment, and .50 hours for preparing his EAJA motion and accompanying documents.  The

court finds that the time requested is reasonable and will award the full 3.75 attorney hours.

## Paralegal Hours

Counsel requests .25 paralegal hours for receiving and reviewing the order granting

Plaintiff's motion to proceed *in forma pauperis*, .25 paralegal hours for receiving and reviewing

the file-marked copy of the complaint and attached summons, .50 paralegal hours for preparing

the letters of service, .50 paralegal hours for preparing and filing the affidavit of service, .25

paralegal hours for receiving and reviewing the scheduling order, and 2.50 paralegal hours for

assisting counsel in the preparation of his EAJA motion and accompanying exhibits.  This court

-4-

concludes that it should not have taken this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Many of these documents are generalized and can be filled in with the appropriate information in minimal time. Furthermore, receiving and reviewing the file-marked copy of the complaint is a task which could have been completed by support staff. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). We grant counsel .05 hours for receiving and reviewing the order granting leave to proceed *in forma pauperis*, .15 hours for preparing the letters of service, .15 hours for preparing the affidavit of service, .05 hours for receiving and reviewing the scheduling order, and 1.00 hour for assisting counsel in the preparation of his EAJA motion. Accordingly, we will deduct a total of 2.85 paralegal hours from the total number of compensable hours.

Counsel also requests a total of .25 paralegal hours for receiving and reviewing the notice of remand from the Appeals Council. Such time is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984) (time spent at the administrative level is not compensable under the EAJA). Accordingly, .25 paralegal hours will be deducted from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $48.85 in expenses incurred with regard to postage and copies. Such expenses are recoverable under the EAJA and we find $48.85 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we award Plaintiff's attorney fees under the EAJA for 3.75 attorney hours at the rate of $155.00 per hour, 5.45 (8.55-3.10) paralegal hours at the rate of $75.00 per hour, and $48.85 in costs, for a total attorney's fee award of $1038.85. This amount should be

AO72A
(Rev. 8/82)

paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Further, this award should be paid directly to Plaintiff's counsel.  *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

Dated this 3rd day of June 2010.

/S/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE

AO72A
(Rev. 8/82)